UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERMAN MANSON,                          :
      Plaintiff,                       :
                                       :        PRISONER
v.                                       :        CASE NO. 3:12-cv-283 (VLB)
                                       :
NICOLLE DANIELS, et al.,                 :
      Defendants.                      :

### INITIAL REVIEW AND ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He seeks damages from defendants Correctional Officers Nicolle Daniels and Hallmark.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal,

U.S. \_\_\_, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

      The plaintiff alleges that, on December 25, 2011, as defendant Hallmark was passing out books, defendant Daniels caused the trap in the cell door to close on the plaintiff's hand.  Defendant Hallmark refused to call for medical assistance.  The plaintiff received medical care later when the lieutenant toured the housing unit.  The plaintiff characterizes defendant Daniels actions as retaliation for a lawsuit the plaintiff filed against her.  In addition, the plaintiff alleges that the defendants issued several false disciplinary charges against him after the incident.

      At this time, the court concludes that the complaint should be served and case should proceed against the defendants in their individual capacities.

## ORDERS

      In accordance with the foregoing analysis, the court enters the following orders:

(1)    The Pro Se Prisoner Litigation Office shall verify the current work addresses for each defendant with the Department of Correction Office of Legal

Affairs. The Pro Se Prisoner Litigation Officer shall mail waiver of service of process request packets to each defendant at the confirmed addresses within fourteen (14) days of this Order. The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(3) The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

                              IT IS SO ORDERED.

                              _____/s/_____
                              Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut: March 5, 2012.